```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


TONI ORRILL                                CIVIL ACTION

VERSUS                                     NO. 06-10012

MORTGAGE ELECTRONIC REGISTRATION           SECTION "R"(4)
SYSTEMS, INC., AS NOMINEE FOR/AND
STONECREEK FUNDING CORPORATION,
INC., ET AL.
```

## ORDER AND REASONS

Plaintiff Toni Orrill moves the Court to remand this matter to state court on the ground that the defendants waived their right to remove. For the following reasons, the Court DENIES plaintiff's motion to remand.

### I.    BACKGROUND

Plaintiff filed this action in state court on January 24, 2006, against defendants Mortgage Electronic Registration Systems, Inc. and Stonecreek Funding Corporation. On July 31, 2006, plaintiff asserts that she sent a letter to counsel for defendants in which she offered to settle her claim for $50,000. On September 7, 2006, defendants filed defenses and an answer to

plaintiff's petition, as well as a Reconventional Demand for Amounts Due on Note and for Recognition of Security Interest and Mortgage.  On September 14, 2006, plaintiff filed an amended petition, as well as an answer to defendants' reconventional demand.  On October 25, 2006, plaintiff forwarded to counsel for defendants a written settlement demand in the amount of $150,000.  (R. Doc. 1-7).  On November 15, 2006, defendants removed the case to this Court, asserting that the Court has jurisdiction under 28 U.S.C. § 1332 because the citizenship of the parties is diverse, and the amount in controversy exceeds $75,000.  Relying on 28 U.S.C. § 1446(b), defendants assert that they ascertained for the first time through plaintiff's October 25, 2006 settlement offer that the case was removable because the demand indicated that the amount in controversy exceeded $75,000.  *See* 28 U.S.C. § 1446(b) (if case stated by initial pleading is not removable, then defendant must remove within 30 days of receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable).  Defendants assert that they timely removed the case within 30 days of its receipt of plaintiff's demand letter, which constituted "other paper" within the meaning of Section 1446(b).  Plaintiff now moves to remand on the ground that defendants waived their right to remove the case when they filed a permissive reconventional demand in

state court.  Plaintiff further contends that her settlement demand incorporates the amount in controversy as a result of defendants' reconventional demand, which cannot be used to create federal diversity jurisdiction.

## II.  ANALYSIS

The Fifth Circuit has stated that a defendant may waive its right to removal "by proceeding to defend the action in state court or otherwise invoking the processes of that court."  *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).  Plaintiff contends that defendants' counterclaim reflected an intent to proceed in state court, and therefore defendants waived their right to remove this matter to federal court.

The Court finds otherwise.  A defendant does not waive its right to remove through actions taken before the case becomes removable.  *See McKnight v. Ill. Cent. R.R.*, 967 F. Supp. 182, 186 (E.D. La. 1997) (defendants could not waive their right to remove before the right to remove could have been properly exercised); *Biggers v. State Farm Mut. Auto. Ins. Co.*, 1992 WL 266166, *2 n.1 (E.D. La. Sept. 29, 1992) ("no waiver occurs if the cross-claim - whether permissive or mandatory - is filed *before* the case becomes removable") (emphasis in original).  As another district court in the Fifth Circuit has stated, "Any

actions taken in state court before it became ascertainable that the case was removable cannot logically be indicative of a decision by the Defendants to continue in state court rather than federal court." *Hydro-Action, Inc. v. James*, 233 F. Supp. 2d 836, 840 (E.D. Tex. 2002).  It is undisputed here that defendants filed their counterclaim in state court before it became evident to the defendants through the October 25, 2006 settlement demand, which constituted "other paper" within the meaning of Section 1446(b), that the case was removable.  *See* 28 U.S.C. § 1446(b) (if case stated by initial pleading is not removable, then defendant must remove within 30 days of receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable).  Therefore, defendants did not waive the right to remove the case to federal court, as any actions taken in state court before the right was created cannot constitute grounds for a finding of waiver.

Furthermore, to the extent that plaintiff asserts that defendants cannot use the amount of damages sought in their counterclaim to establish the federal jurisdictional amount, this argument likewise fails here.  It was plaintiff, not defendants, who submitted a settlement offer for $150,000.  It is well established that the Court may consider the value of plaintiff's settlement offer as relevant evidence to determine the amount in

controversy so long as it appears to be a reasonable estimate of plaintiff's claim.  *See, e.g., Cohn, D.V.M. v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (surveying cases holding the same); *see also Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) (rejecting plaintiff's argument that the amount in controversy requirement was not met "[b]ecause the record contains a letter, which plaintiff's counsel sent to defendants stating the amount in controversy exceeded $50,000").  That plaintiff's settlement demand for $150,000 came after defendants filed their counterclaim in this matter does not change the fact that plaintiff now values her claims in excess of $75,000.

Thus, because defendants timely removed the case after receiving plaintiff's settlement demand, the Court concludes that removal of this matter was proper.

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is hereby DENIED.

New Orleans, Louisiana, this __8th__ day of March, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE