UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


TONI ORRILL                                    CIVIL ACTION

VERSUS                                         NO: 06-10012

MORTGAGE ELECTRONIC                            SECTION: "R"(4)
REGISTRATION SYSTEMS, INC. ET
AL.


**ORDER AND REASONS**

Before the Court is the Rule 12(c) motion for partial judgment on the pleadings of Mortgage Electronic Registration Systems, Inc., Stonecreek Funding Corporation, Countrywide Mortgage Ventures, LLC, and Countrywide Home Loans, Inc. (collectively "defendants"). For the following reasons, the Court GRANTS the motion.

**I.   BACKGROUND**

Plaintiff sued Mortgage Electronic Registration Systems and Stonecreek in state court on January 24, 2006. (R. Doc. 1-3 at 1-

7.) Plaintiff alleged that she sustained damages when her home mortgage lender, Stonecreek, delayed in providing her insurance proceeds after Hurricane Katrina.  On September 7, 2006, defendants filed defenses and an answer to plaintiff's petition, as well as a Reconventional Demand for Amounts Due on Note and for Recognition of Security Interest and Mortgage. (R. Doc. 1-5 at 3-13.)  Defendants alleged that plaintiff had defaulted under her note and mortgage.  On September 14, 2006, plaintiff filed an amended petition, as well as an answer to defendants' reconventional demand. (R. Doc. 1-6 at 51-58.)  Plaintiff added Countrywide Mortgage Ventures and Countrywide Home Loans, Inc. as defendants, and alleged that there were improper delays in remitting insurance proceeds to her.  A substantial part of the amended complaint is titled "threatened foreclosure."  Plaintiff asks that the Court enjoin the defendants "from seizing, selling, or otherwise instituting foreclosure proceedings" against her property, and award her damages "[s]hould defendants file any judicial proceeding with the intent to seize, sell or otherwise institute foreclosure ... as retribution for plaintiff's main demands asserting damages against the defendants for their failures to timely remit payments for repairs to plaintiff's home." (R. Doc. 1-6 at 53-57.)  On November 15, 2006, defendants removed the case to this Court. (R. Doc. 1.)

**II.   LEGAL STANDARD**

In a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the Court requires "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1974 (2007); *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) ("the standard for dismissal under Rule 12(c) is the same as that for dismissal ... under Rule 12(b)(6)").  Although a complaint need not contain "detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, it must show the that the pleader is entitled to relief and include more than mere "labels and conclusions." Fed. R. Civ. P. 8(a); *Twombly*, 127 S. Ct. at 1964-65; *Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992) ("In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations.").

**III. DISCUSSION**

Defendants contend that plaintiff's "threatened foreclosure" claim should be dismissed because (1) the law does not recognize a claim for alleged threatened foreclosure; and (2) interpreting plaintiff's allegations as a claim for malicious prosecution or abuse of process, the claim also fails as a matter of law.  The

3

Court does not find a cause of action under Louisiana law for threatened foreclosure.[1]  The Court further finds that plaintiff fails to state a claim for malicious prosecution or abuse of process.

   In order to advance a claim for malicious prosecution, a plaintiff typically must demonstrate the following elements:

>    (1) The institution or continuation of a legal proceeding, either civil or criminal, or an administrative or disciplinary proceeding, against the plaintiff;
>    (2) by, at the instance of, or abetted by, the defendant;
>    (3) the termination of such prior proceeding in the plaintiff's favor;
>    (4) the absence of probable cause for institution of the prior proceeding;
>    (5) malice as a primary purpose for that proceeding; and
>    (6) some injury or damage to the plaintiff as a result of the prior proceeding.

*See U.S. v. Bellazerius*, 2006 WL 2631937, at *6-7 (E.D. La. 2006) (citing 7 AmJur Proof of Facts 2d 181, § 3 (2006)).  It is clear that plaintiff's threatened foreclosure claim does not meet most of these factors.  In particular, a claim for malicious prosecution requires the initial suit to have been resolved in favor of the claimant.  "The policy behind the third requirement

---

[1] The closest parallel the Court finds is allegations of threatened foreclosure as predicate acts for a RICO complaint. *Cathey v. First Republic Bank*, 2001 WL 1471747, at *3 (W.D. La. 2001).

4

is that 'a party bringing a suit should not be made to defend his right to bring such until it is fully determined at trial that the original action was erroneously brought.'" *DIRECTV, Inc. v. Atwood*, 2003 WL 22765354, at *1 (E.D. La. 2003)(quoting *Lees v. Smith*, 363 So. 2d 974, 978 (La. App. 1978)).  Plaintiff fails to allege that the prior suit terminated in her favor, and cannot do so because defendants' reconventional demand has not been resolved.  Accordingly, plaintiff fails to state a claim for malicious prosecution.

To prevail on a claim for abuse of process, a plaintiff must allege (1) an "ulterior purpose"; and (2) "a willful act in the use of process that is not in the regular conduct of the proceeding." *Grant v. Farm Credit Bank of Tex.*, 841 F. Supp. 185, 190 (W.D. La. 1992).  Allegations that a party had an ulterior purpose for filing a claim are insufficient to plead a claim for abuse of process. *See id.* ("no cause of action exists unless there has been some abuse").  The plaintiff must also prove damage resulting from the abuse. *Owl Const. Co., Inc. v. Ronald Adams Contractor, Inc.*, 642 F. Supp. 475, 478 (E.D. La. 1986).  Here, plaintiff has not pleaded any irregularity in the process of defendants' reconventional demand.  Further, "there can be no 'ulterior purpose' in the attempt to collect money owed," which is the basis of defendants' reconventional demand. *Id.*  The Court

5

finds that plaintiff fails to state a claim for abuse of process.

In her opposition to defendants' motion, plaintiff states that she "should be afforded the opportunity to conduct discovery to support her claim prior to having same dismissed." (Pl.'s Opp'n at 2.)  Plaintiff makes no effort to explain to the Court what cause of action she is attempting to assert, nor does plaintiff refute defendants' assertions that she fails to state a claim for threatened foreclosure, malicious prosecution, or abuse of process.  The Court finds that further discovery will not assist plaintiff in showing how her allegations of threatened foreclosure "state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974.

## IV.  CONCLUSION

For the foregoing reasons the Court GRANTS defendants' motion for partial judgment on the pleadings.  Toni Orrill's claims for alleged threatened foreclosure are dismissed.

New Orleans, Louisiana, this 24th day of April, 2008

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE