UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TONI ORRILL** | **CIVIL ACTION** |
| **VERSUS** | **NO:     06-10012** |
| **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ET AL.** | **SECTION: "R" (4)** |

## ORDER

On January 25, 2008, the Court granted as unopposed Defendants' Motion to Compel and for Attorney's Fees (R. Doc. 47). (R. Doc. 50.) In the motion, the Defendants sought the award of reasonable attorney's fees associated with the motion. Consequently, the Court ordered the Defendants to file a motion to fix attorney's fees into the record. The Court later ordered that the Plaintiff's counsel at the time the motion to compel was filed, Martin L. Morgan ("Morgan"), would be responsible for paying the fees and costs on the motion. (R. Doc. 86.)

The Defendants filed a **Motion to Fix Attorney's Fees (R. Doc. 51)** and attached two (2) affidavits and itemized fee entries for the services rendered by the Defendants' counsel, Brandy N. Sheely ("Sheely") and Edward L. Fenasci ("Fenasci"). In total, the Defendants seek the recovery of $2,296.00 in attorney's fees. According to the affidavit submitted by Sheely, she expended 13.30 hours in connection with the motion, but billed for only 10.30 hours at a rate of $180.00, for a resulting total of $1,854.00. (R. Doc. 51-3, Ex. 1.) In the affidavit submitted by Fenasci, he avers that he expended 1.70 hours in connection with the discovery dispute, at a rate of $260.00, for a total of $442.00. (R. Doc. 51-3, Ex. 2.) The Defendants also filed a Supplementation of Exhibits

Pursuant to Magistrate Judge's Order (R. Doc. 85), in response to the Court's Order (R. Doc. 84), which required the Defendants to file an unredacted copy of its fee invoice into the record.

In opposition, Morgan filed an Opposition to Motion to Fix Attorney's Fees (R. Doc. 53).[1] Morgan opposes the Defendants' motion, arguing that the hourly rates requested by Sheely and Fenasci and the twelve (12) total hours of legal work expended on the motion are excessive. The Court considers the parties' contentions below.

## I.     Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[2]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to

---

[1] When, Morgan filed an opposition to the Defendants' motion to fix attorney's fees, Morgan was acting as the Plaintiff's representative. However, Morgan has not filed any other reply memorandum on his own behalf, and therefore, the Court interprets the originally filed opposition as Morgan's own.

[2] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

## II. <u>Analysis</u>

### A. <u>Calculating a Reasonable Hourly Rate</u>

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D.La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power and Light*, 50 F.3d at 328.

Here, the Defendants seek the recovery of $2,296.00 in attorney's fees for 12.00 hours of work on the motion at hourly rates of $180.00 and $260.00. In support of the hourly rates, the Defendants submit the affidavits of its attorneys, Sheely and Fenasci.

According to Sheely's affidavit, she graduated *magna cum laude* from Tulane Law School in 2004 and has been practicing law for almost four (4) years. (R. Doc. 51-3, Ex. 1.) Currently, she is an associate with McGlinchey Stafford, PLLC and performed a total of 13.30 hours of work in connection with the motion. (R. Doc. 51-3, Ex. 1.) She also attests that she spent 3.30 hours on the motion to fix attorney's fees, but will only be billing a total of 10.30 hours for her work on the motion to compel discovery. (R. Doc. 51-3, Ex. 1.) Sheely asserts that her hourly billing rate is $180.00, which is her standard billing rate charged in similar cases. (R. Doc. 51-3, Ex. 1.)

Similarly, according to Fenasci's affidavit, he graduated from Tulane Law School in 1994 and has practiced commercial litigation for approximately twelve (12) years. (R. Doc. 51-4, Ex. 2.) He is currently an attorney at McGlinchey Stafford, PLLC, and avers that his hourly billing rate of $260.00 is his standard rate charged in similar cases. (R. Doc. 51-4, Ex. 2.) He maintains that he spent 1.70 hours total on the motion to compel, and he excluded from the calculation of fees his participation in telephone conferences with Morgan, his drafting of correspondence to Morgan, and his work on the motion to fix attorney's fees. (R. Doc. 51-4, Ex. 2.)

In the motion, the Defendants admit that the rates requested for their counsel are above the range of prevailing market rates based on the Court's previous rulings, however, the Defendants cite to two (2) cases from this District in support of their rates. However, the Court finds that the cases cited by the Defendants are distinguishable, in that they involved fee determinations at the conclusion of the proceedings, rather than fees for work performed on a mere motion to compel discovery. *See Speaks v. Kruse*, 2006 WL 3388480 (E.D. La. Nov. 20, 2006) (determining fees after judgment, including the fees of one attorney who practiced in legal market in Cincinnati, Ohio); *In re Educational Testing Service Litigation*, 447 F.Supp.2d 612, 632-34 (E.D. La. 2006) (involving a fee determination in a class action matter which settled before trial).

Considering Sheely's four (4) years of legal experience and rate of $180.00 and Fenasci's twelve (12) years of legal experience and rate of $260.00, their rates are above the range of the prevailing market rates as previously found by this Court and by other courts in this District. *See Orthopedic Practice, LLC v. Hartford Cas. Ins. Co.*, No. 06-9710, 2008 WL 1712300, at *3 (E.D. La. Apr. 8, 2008) (Roby, J.) (concluding that an attorney with thirteen (13) years entitled to a rate of $195.00 an hour); *Creecy v. Metropolitan Property and Cas. Ins. Co.*, Civ. A. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J.) (awarding a $175.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience); *Drs. Le and Mui, Family Medicine v. St. Paul Travelers*, Civ. A. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007) (Roby, J) (awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience); *see also Lytal Enterprises, Inc. v. Newfield Exploration Co.*, Civ. A. 06-00033, 2006 WL 3366128 at *6-7 (E.D. La. Nov. 17, 2006)(awarding a rate of $175.00 an hour to a senior-level

associate, who had graduated from law school seven (7) years ago, for work on a motion to compel); *Tasch, Inc. v. Unified Staffing & Associates, Inc.*, Civ. A. 02-03531, 2003 WL 23109790 (E.D.La. Dec. 30, 2003) (awarding counsel with five (5) to six (6) years of legal experience fees at a rate of $150.00 an hour).

Based on the prevailing market rates, the Court concludes that a rate of $150.00 is appropriate for Sheely's work on the motion and $200.00 is appropriate for Fenasci's work on the motion.

### B.     **Determining the Reasonable Hours Expended**

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker,* 99 F.3d at 770.  Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (citing *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)).  Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434.  The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.*  Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

Here, the Defendants' counsel indicates that they do not seek compensation for all of the

6

work performed by counsel in bringing the motion to compel. Specifically, the Defendants' attorneys did not bill for (1) 3.00 hours of legal services rendered by Sheely in conjunction with the motion to compel, (2) the time spent by Fenasci in communicating with Morgan through written correspondence and by telephone regarding the discovery responses, and (3) 3.30 hours spent by Sheely and more than 2.00 hours spent by Fenasci on the subject motion to fix attorney's fees. Nevertheless, the Court conducts a line-by-line analysis to ascertain the reasonableness of the work that the Defendants performed in conjunction with the motion.

First, the Court looks to the work charged by Sheely on the motion to compel. On the itemized fee invoice, Sheely charges (1) 0.50 hours on December 12, 2007, (2) 0.10 hours on December 17, 2007, (3) 0.60 hours on January 4, 2007, and (4) 0.20 hours on January 6, 2008 for work on the motion to compel, for a total of 1.40 hours. Redacting the pleading caption, signature line, and other excess legal formatting, the entire motion to compel consists of roughly two paragraphs. In fact, distilling the motion to only the substantive portion, the Court notes that the motion consisted of a total of at most two sentences. Furthermore, the motion to compel was substantially reiterated in the Defendants' proposed order. In light of these circumstances, the Court finds that the total bill of 1.40 hours for work on the motion to compel is excessive, and 0.60 hours is a reasonable calculation of the work performed and to be billed for a motion of that nature. Therefore, the Court retains only the 0.50 hours that Sheely expended on December 12, 2007, and the 0.10 hours of revisions that Sheely made on the motion.

Next, the Court examines the hours that Sheely billed for work on the supporting memorandum. Sheely asserts that she worked (1) 1.90 hours on the memorandum on December 12, 2007, (2) 0.10 hours in revising the memorandum on December 17, 2008, (3) 1.20 hours on January

6, 2008, (4) 1.70 hours on January 7, 2008, and (5) 1.00 hour on January 8, 2008. Therefore, Sheely worked for a total 5.90 hours on the supporting memorandum. The Court finds that 5.90 hours on the memorandum is excessive.

The supporting memorandum primarily consisted of a summation of facts, and not substantive legal analysis or extensive application of the facts to the law. Rather, the memorandum was a standard motion to compel where the Plaintiff failed to provide sufficient responses, and later failed to respond to the Defendants' second set of discovery and requests for deposition dates. While Orrill purportedly did not sufficiently answer discovery, the Defendants did not address the individual deficiencies in each contested discovery inquiry for the Court's consideration. Furthermore, although the Court notes that the Defendants' motion to compel was comprehensive with sixty-eight (68) total pages and seven (7) exhibits, the motion was not difficult, nor did it involve unique facts of novel issues of law. Based on these considerations and the overall content of the supporting memorandum, the Court concludes that 3.00 hours is a reasonable allocation of time for the Defendant's memorandum. Therefore, the Court retains the Defendants' December 12, 2007 entry for 1.90 hours, the Defendant's December 17, 2007 entry for 0.10 hours, and the January 8, 2008 entry for 1.00 hour and eliminates the remaining entries on January 6, 2008 and January 7, 2008, for 1.30 and 1.70 hours, respectively.

Sheely also bills 1.00 hours in preparing the motion for e-filing, and ultimately, e-filing the motion. The Court finds these billing entries to be unreasonable because e-filing is a routine procedure appropriately performed by administrative staff, and not attorneys. Further, the Court finds that 1.00 hour for e-filing a motion with the Clerk of Court is excessive in this technological age, when such a process could be easily completed in a more condensed period of time. Therefore,

the Court eliminates the 1.00 billed by Sheely.

Sheely also bills (1) 0.50 hours on December 12, 2008, (2) 0.70 hours on January 7, 2008, and (3) 0.10 hours on December 17, 2008 for her work on the attorney's certificate to the motion to compel, which is five (5) pages long. After examining the certificate, the Court finds that 1.00 hour is sufficient to complete a certificate of this caliber, and therefore, the Court eliminates 0.30 hours from Sheely's request.

Finally, the Court finds that Sheely's requested fee of (1) 0.20 hours on December 12, 2007 and (1) 0.20 hours on January 4, 2008 for work on the notice of hearing is excessive. A notice of hearing should generally be prepared from a standardized legal template, and therefore, should not take 0.40 hours. Therefore, the Court reduces Sheely's requested hours for the notice of hearing by half.

After review, the Court finds that the remainder of the requested fees are reasonable. Therefore, the Court awards a fee of $765.00 for 5.10 hours at a rate of $150.00 for Sheely, and $340.00 for 1.70 hours at $200.00 for Fenasci. In total, the Court awards $1,105.00 for Sheely and Fenasci's work on the subject motion. Pursuant to the Court's earlier Order (R. Doc. 87), the Court awards the fees against the Plaintiff's previous attorney, Morgan.

### C. <u>Adjusting the Lodestar</u>

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The

Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here. The Court has already considered the *Johnson* elements in its line-by-line determination of the lodestar.

Therefore, the Court awards the Defendants a total of $1,105.00 for (1) 5.10 hours for work performed by Sheely at an hourly rate of $150.00, and (2) $200.00 an hour for 1.70 hours of work by Fenasci.

### III.  Conclusion

Accordingly,

**IT IS ORDERED** that the Defendants' **Motion to Fix Attorney's Fees (R. Doc. 51)** is **GRANTED**. The Court finds that a total fee of **$1,105.00** is reasonable in the matter here.

**IT IS FURTHER ORDERED** that Morgan satisfy his obligation to the Defendants no later than **twenty (20) days** of the signing of this Order.

New Orleans, Louisiana, this 3rd day of June 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

**Clerk to Notify**:
Martin Louis Morgan at martin@inabnetjones.com