UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TONY ORRILL** | **CIVIL ACTION** |
| **VERSUS** | **NO:       06-10012** |
| **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR/AND STONECREEK FUNDING CORPORATION, INC., ET AL.,** | **SECTION: "R" (4)** |

## ORDER

On May 22, 2008, the Court denied the Motion For Discovery Sanctions (R. Doc. 54), filed by Defendants and Counterclaim Plaintiffs Mortgage Electronic Registration Systems, Inc., and Stonecreek Funding Corporation and Defendants Countrywide Mortgage Ventures, LLC, improperly named as Countrywide Mortgage Ventures, LLC d/b/a/ Countrywide Home Loans and Countrywide Home Loans, Inc. (collectively, "Defendants"). (R. Doc. 86). In the motion, the Defendants sought an award of reasonable attorney's fees associated with the motion. Although the underlying motion was denied, the Court ordered the Defendants to file a motion to fix attorney's fees into the record. (R. Doc. 86).

In accordance with the Court's instruction, the Defendants filed a **Motion to Fix Attorney's Fees. (R. Doc. 88).** They attached two (2) affidavits and itemized fee entries for the services rendered by the Defendants' counsel, Brandy N. Sheely ("Sheely") and Edward L. Fenasci ("Fenasci"). In total, the Defendants seek the recovery of $1,944.00 or, alternatively, an amount the

Court deems reasonable, for expenses incurred in connection with its Motion For Discovery Sanctions. (R. Doc. 54). According to the affidavit submitted by Sheely, she expended 5.60 hours in connection with the subject motion, at a rate of $180.00, for a resulting total of $1,008.00. (R. Doc. 88-3, Ex. 1.) In the affidavit submitted by Fenasci, he avers that he expended 3.60 hours in connection with the discovery dispute, at a rate of $260.00, for a total of $936.00. (R. Doc. 88-4, Ex. 2.)

## I.      Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

"by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

**II.    Analysis**

**A.    Calculating a Reasonable Hourly Rate**

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D.La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed.  When that rate is not contested, it is *prima facie* reasonable."  *La. Power and Light*, 50 F.3d at 328.

Here, the Defendants seek the recovery of $1,944.00 in attorney's fees for 9.20 hours of work on the motion at hourly rates of $180.00 and $260.00.  In support of the hourly rates, the Defendants submit the affidavits of its attorneys, Sheely and Fenasci.

According to Sheely's affidavit, she graduated *magna cum laude* from Tulane Law School in 2004 and has been practicing law for almost four years.  (R. Doc. 88-3, Ex. 1 ).  Currently, she is an associate with McGlinchey Stafford, PLLC, and she performed a total of 5.60 hours of work in connection with the motion.  (R. Doc. 88-3, Ex. 1).  Sheely asserts that her standard hourly billing rate is $180.00 and that this is the rate she charges in similar cases.  (R. Doc. 88-3, Ex. 1).

Similarly, according to Fenasci's affidavit, he graduated from Tulane Law School in 1994 and has practiced commercial litigation for approximately 12 years.  (R. Doc. 88-4, Ex. 2).  He is currently an attorney at McGlinchey Stafford, PLLC, and avers that his hourly billing rate of $260.00 is the standard rate charged in similar cases.  (R. Doc. 88-4, Ex. 2).  He maintains that he spent 3.60 hours total working specifically in connection with the motion for sanctions.  (R. Doc. 88-4, Ex. 2).

In the motion, the Defendants admit that the rates requested for their counsel are above the range of prevailing market rates based on the Court's previous rulings.  The Defendants cite three cases from this District in support of their rates.  However, the Court finds that two of the cases cited by the Defendants are distinguishable, in that they involved fee determinations at the conclusion of

4

the proceedings, rather than fees for work performed on a mere motion for sanctions. *See Speaks v. Kruse*, Civ. A. No. 04-1962, 2006 WL 3388480 (E.D. La. Nov. 20, 2006) (determining fees after judgment, including the fees of one attorney who practiced in legal market in Cincinnati, Ohio); *In re Educational Testing Service Litigation*, 447 F.Supp.2d 612, 632-34 (E.D. La. 2006) (involving a fee determination in a class action matter which settled before trial). While the remaining case cited by the Defendants involved a fee determination for work performed on a motion to compel, the Court ultimately awarded fees in accordance with the prevailing market rate after concluding that respective rates of $190.00 and $225.00 exceeded that rate. *Drs. Le and Mui, Family Medicine v. St. Paul Travelers*, Civ. A. No. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007) (Roby, J) (awarding hourly rates of $175.00 to an attorney with seven years of legal experience and $200.00 for an attorney with 11 years of experience).

Considering Sheely's four years of legal experience and rate of $180.00 and Fenasci's 12 years of legal experience and rate of $260.00, their rates are above the range of the prevailing market rates as previously found by this Court and by other courts in this District. *See Orthopedic Practice, LLC v. Hartford Cas. Ins. Co.*, No. 06-9710, 2008 WL 1712300, at *3 (E.D. La. Apr. 8, 2008) (Roby, J.) (concluding that an attorney with 13 years entitled to a rate of $195.00 an hour); *Creecy v. Metropolitan Property and Cas. Ins. Co.*, No. Civ. A. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J.) (awarding a $175.00 an hour to a lawyer who had practiced law for five years and $200.00 an hour to an attorney with 11 years of experience); *see also Lytal Enterprises, Inc. v. Newfield Exploration Co.*, Civ. A. No. 06-00033, 2006 WL 3366128 at *6-7 (E.D. La. Nov. 17, 2006)(awarding a rate of $175.00 an hour to a senior-level associate, who had graduated from law school seven years ago, for work on a motion to compel); *Tasch, Inc. v. Unified Staffing &*

5

*Associates, Inc.*, Civ. A. No. 02-03531, 2003 WL 23109790 (E.D.La. Dec. 30, 2003) (awarding counsel with five to six years of legal experience fees at a rate of $150.00 an hour).

Based on the prevailing market rates, the Court concludes that a rate of $150.00 is appropriate for Sheely's work on the motion and $200.00 is appropriate for Fenasci's work on the motion.

### B.    Determining the Reasonable Hours Expended

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker,* 99 F.3d at 770.  Attorneys must exercise "billing judgment" by excluding  time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (citing *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)).  Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request.  *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434.  The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended.  *Id.*  Alternatively, this Court can conduct a line-by-line analysis of the time report.  *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

Here, the Defendants' counsel indicate that they do not seek compensation for all of the work performed in bringing the motion for sanctions.  Specifically, the Defendants' attorneys did not bill for time spent in connection with the motion for sanctions subsequent to the  Plaintiff's filing of her

Opposition thereto.  The attorneys indicate that the instant motion does not request reimbursement for fees incurred in connection with the preparation of: (1) the Defendants' Reply to Plaintiff's Opposition; (2) the Supplementation To Defendants' Reply; and/or (3) the instant motion to fix fees. They further note that the subject motion does not seek fees incurred in preparing for and attending the hearing on the Motion for Discovery Sanctions, including associated teleconferences with Plaintiff's counsel before and after the hearing.  Nevertheless, the Court conducts a line-by-line analysis to ascertain the reasonableness of the work that the Defendants performed in conjunction with the motion.

### 1.        Time Billed By Brandy N. Sheely

First, the Court looks to the work charged by Sheely on the motion for sanctions.  On the itemized fee invoice, Sheely charges: (1) 0.10 hours on February 13, 2008; (2) 0.10 hours on February 14, 2008; (3) 0.10 hours on February 15, 2008; (4) 2.20 hours on February 18, 2008; and (5) 3.10 hours on February 19, 2008, for her work on the motion for sanctions and the associated memorandum in support, for a total of 5.6 hours.

The Court acknowledges that the proposed charges for Sheely's work on the motion include 0.60 hours of time spent: assessing the potential sanctions; leaving a message with Plaintiff's counsel, Martin Morgan, regarding the outstanding discovery; revising a brief, three-sentence letter to Morgan regarding the same; and developing strategy regarding the motion.  The Court is of the opinion that these tasks were essential to the motion, in that they represent Sheely's good faith attempt to confer with the Plaintiff regarding the failure to comply with discovery as required by the Federal Rules.  The Court further opines that the time spent on each of these tasks was reasonable. The Court therefore retains these 0.60 hours.

The Court next evaluates the time Sheely spent working on the actual substance the motion itself.  Sheely's invoice indicates that she spent 0.60 hours on February 18, 2008, and 0.40 hours on February 19, 2008, for a total of 1.00 hour of time drafting the motion.  The Court notes that the motion for sanctions, absent the caption, signature line, and other legal formatting, consists of roughly two paragraphs.  In fact, distilling the motion to only the substantive portion, the motion consists of a total of three sentences.  Thus, after reviewing the associated time entries, the Court finds that the bill of 1.00 hour for work on the motion itself is excessive.  The Court therefore retains only the 0.60 hours that Sheely worked on February 18, 2008 as a reasonable calculation of the work performed and eliminates the remaining 0.40 hours from February 19, 2007.

The Court next examines the hours Sheely billed for work on the supporting memorandum. Sheely asserts that she worked 1.20 hours on the memorandum on February 18, 2008, and 2.20 hours on February 19, 2008, for a total of 3.40 hours on the supporting memorandum.  The supporting memorandum includes more than a summation of facts regarding the instant case.  Furthermore, it contains substantive legal analysis as well as a clear application of the facts to the law.  Based on these considerations and the overall content of the supporting memorandum, the Court concludes that 3.40 hours is a reasonable allocation of time.   Therefore, the Court retains the 3.40 hours reflected in the two time entries regarding the supporting memorandum.

Sheely also bills 0.10 hours for receiving and reviewing an email from Morgan regarding his withdrawal from the case and discussing the Plaintiff's deposition.  The Court finds this billing entry to be unreasonable, as it does not seem to involve work directly related to the motion for sanctions that prompted this motion for fees.  The Court therefore eliminates the 0.10 hours from the total permitted billing amount.

Sheely bills 0.20 hours for her work on the notice of hearing. The Court finds that Sheely's requested fee of 0.20 hours for work on the notice of hearing is reasonable, and therefore awards the total 0.20 hours for this task.

Sheely also bills 0.30 hours for time spent preparing the motion for e-filing, and ultimately, e-filing the motion. The Court finds these billing entries to be unreasonable, because e-filing is a routine procedure appropriately performed by administrative staff, and not attorneys. Therefore, the Court eliminates the 0.30 hours for e-filing billed by Sheely.

### 2.     Time Billed By Edward L. Fenasci

The Court now looks to the work charged by Fenasci on the motion for sanctions. On the itemized fee invoice, Fenasci charges: (1) 0.30 hours on February 13, 2008, for evaluating the Plaintiff's failure to comply with the Court's Order and researching case law regarding the imposition of sanctions for such failure; (2) 0.20 hours on February 15, 2008, for time spent preparing a letter to the Plaintiff regarding the outstanding discovery requests and the lack of compliance with the Order; (3) 0.50 hours on February 18, 2008, for consulting with Sheely regarding motion for sanctions; and (4) 2.60 hours on February 19, 2008 for time spent preparing the motion for sanctions and conducting a telephone conference with Morgan regarding the filing of the same. Fenasci's work yields a total of 3.6 hours. After review, the Court finds that Fenasci's requested fees are reasonable.

Based on the foregoing, the Court awards a fee of $720.00 for 4.8 hours at a rate of $150.00 for Sheely, and $720.00 for 3.60 hours at a rate of $200.00 for Fenasci. In total, the Court awards $1,440.00 for Sheely and Fenasci's work on the subject motion. Pursuant to the Court's earlier Order (R. Doc. 86), the Court awards the fees against the Plaintiff's previous attorney, Morgan.

C.      **Adjusting the Lodestar**

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974).  To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required.  *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998).  The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here.  The Court has already considered the *Johnson* elements in its line-by-line determination of the lodestar.

Therefore, the Court awards a fee of $720.00 for 4.8 hours at a rate of $150.00 for Sheely, and $720.00 for 3.60 hours at a rate of $200.00 for Fenasci.  The total fee award for work performed on the motion for discovery sanctions is $1,440.00.

III.    **Conclusion**

Accordingly,

**IT IS ORDERED** that the Defendants' **Motion to Fix Attorney's Fees (R. Doc. 88)** is **GRANTED**.  The Court finds that a total fee of **$1,440.00** is reasonable in the matter here.

**IT IS FURTHER ORDERED** that Morgan satisfy his obligation to the Defendants no later than **twenty (20) days** of the signing of this Order.

New Orleans, Louisiana, this 7th day of November 2008

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**