UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


TONI ORRILL                                    CIVIL ACTION

VERSUS                                         NO: 06-10012

MORTGAGE ELECTRONIC REGISTRATION               SECTION: R
SYS., INC., ET AL.


## **ORDER AND REASONS**

Before the Court is defendants' Motion to Reconsider Order Dated October 20, 2009, Or, Alternatively, Motion to Enforce Compromise and Settlement (R. Doc. 120). The current dispute between the parties focuses upon an aborted settlement of the underlying controversy. In March of this year, the Court, upon being informed that the parties had reached a settlement, issued an Order of Dismissal. This order allowed the parties to reopen the case within a certain window if the settlement was not consummated. R. Doc. 110. Defendants, unsure if the settlement would in fact be consummated, successfully moved the court to extend the window on several occasions. R. Doc. 111, 112, 113, 114. They then timely moved to reopen the case and enforce the settlement agreement. R. Doc. 117. In October of this year, this Court issued an Order reopening the case, but ruled that it did not retain jurisdiction to enforce the settlement in its Order of Dismissal and that it was aware of no independent basis

for federal jurisdiction. R. Doc. 118.

Defendants now move for reconsideration of that Order. They point to three sources that supposedly indicate that this Court did retain jurisdiction over the settlement agreement. First, they note that the Magistrate Judge recommended that the Court retain jurisdiction for settlement purposes. R. Docs. 109, 115. Second, they point to their own motions to extend the sixty-day window, which express concern with preserving the time frame in which settlement could be enforced. R. Docs. 111, 113. Finally, they point to a case implying that similar language to that in the Court's Order of Dismissal had the effect of retaining jurisdiction to enforce the settlement. *Walters v. Lexington Ins. Co.*, No. 07-8690, 2009 WL 1307869 (E.D. La. May 11, 2009).

The first source does not indicate that the Court retained jurisdiction to enforce the settlement. In fact, it makes the fact that the Court did not do so more apparent. The second source, defendants' own motions that were filed after the Order of Dismissal was entered into the record, did not in any way alter the retention of jurisdiction in that Order. Finally, the Court in *Walters* did not enforce any settlement. There, the Court declined to enforce the parties' settlement because the sixty-day window had passed. The *Walters* dictum to which defendants refer does not transform the Court's retention of jurisdiction to reopen this case into jurisdiction to enforce the

settlement.

In this case, the Court made clear in its Order of Dismissal that such dismissal was "without prejudice to the right, upon good cause shown, within sixty days, to reopen the action if settlement is not consummated." R. Doc. 110. The plain language of the Order refers only to reopening the case, not to enforcement of the settlement. This statement was plainly not a separate provision retaining jurisdiction to enforce the settlement. *See Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002).

Defendants' motion for reconsideration is therefore DENIED. To the extent that their motion, in the alternative, also seeks the same relief the Court denied in October, that motion is DENIED for the reasons stated in the Court's October Order. R. Doc. 118.

New Orleans, Louisiana, this \_\_\_2nd\_\_\_ day of December, 2009

**SARAH S. VANCE**
**UNITED STATES DISTRICT JUDGE**