UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TONI ORRILL                                    CIVIL ACTION

VERSUS                                         NO: 06-10012

MORTGAGE ELECTRONIC                            SECTION: R(4)
REGISTRATION SYSTEMS, INC.,
ET AL.

**ORDER AND REASONS**

Plaintiffs-in-counterclaim, Mortgage Electronic Registration System, Inc.'s ("MERS") and Stonecreek Funding Corporation's ("Stonecreek"), move for summary judgment to recover the amounts due under the note and mortgage executed by defendant-in-counterclaim Toni Orrill. Because there is no issue that Orrill is in default, the motion is GRANTED.

**I.    BACKGROUND**

In August of 2005, Orrill executed an adjustable rate note payable to Stonecreek Funding Corporation and a mortgage in favor of Mortgage Electronic Registration Systems.[1] That same month, Hurricane Katrina struck southern Louisiana and caused considerable damage to her home.

---

[1]    R. Doc. 100.

On January 24, 2006, Orrill sued MERS and Stonecreek alleging that she sustained damages when Stonecreek unlawfully delayed paying her insurance proceeds for the hurricane damage to her home.[2] Defendants filed a reconventional demand with their answer and removed the case to this Court.[3] Defendants then filed two motions for summary judgment: one on the claims made in Orrill's complaint and one on defendants' counterclaim.[4]

This Court granted defendants' motions for partial summary judgment on July 1, 2010.[5] Regarding plaintiff's claims, the Court held that Orill had failed to demonstrate how defendants' actions were unlawful and had not pointed out any contested issue of fact to defeat summary judgment. The Court also granted defendants' motion on their counterclaims "to the extent that a valid note and mortgage exists between the parties and Orrill is in default under them."[6] The order granting summary judgment did not consider the amount due to defendants on their counterclaim. On July 14, 2010 the Court issued a judgment "in favor of

---

[2]   R. Doc. 1-2.

[3]   R. Doc. 1.

[4]   R. Doc. 100.

[5]   R. Doc. 131.

[6]   *Id.* at 20.

defendants and against plaintiff dismissing plaintiff's complaint with prejudice."[7]

Defendants now file a motion for summary judgment seeking the amount due under the mortgage, interest, attorneys' fees, and costs.

## II. STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216

---

[7]   R. Doc. 132.

(5th Cir. 1985) (quoting C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* 2d § 2738 (1983)).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id.* at 325; *see also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discover and

4

upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (citing *Celotex*, 477 U.S. at 332).

**III. DISCUSSION**

Because jurisdiction is based on diversity of citizenship, Louisiana law applies to the substantive issues before the Court. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Under Louisiana law, "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code art. 2046. The Court must interpret the words of a contract in accordance with their "plain, ordinary and popular" meaning and construe "the entirety of the document on a practical, reasonable, and fair basis." *Naquin v. La. Power & Light Co.*, 943 So.2d 1156, 1161 (La. App. 2006)(citing *Belle Pass Terminal, Inc. v. Jolin, Inc.*, 634 So.2d 466, 480 (La. App. 1994); La Civ. Code art. 2047. Words susceptible to different meanings are interpreted in accordance with the meaning that "best conforms to the object of the contract." La. Civ. Code art. 2048.

Under the note, if borrower defaults, the note holder may require the borrower "to pay immediately the full amount of

Principal which has not been paid and all the interest" owed on that amount.[8] The lender must give thirty days notice to accelerate payment. The note also provides that if the borrower is required "to pay immediately in full as described above, the Note Holder will have the right to be paid back . . . for all of its costs and expenses" in enforcing the note "to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees." This Court has already found that the note and mortgage between the parties are valid.[9]

Defendants move for summary judgment for the amounts due under the note. Orrill executed the mortgage and note on August 17, 2005.[10] The note makes clear that Orrill promised to pay a principal of $246,150 to Stonecreek.[11] The unpaid principal accrues interest at a yearly rate of 8.125%.[12] On February 6, 2006, Countryside, the loan servicer, notified Orrill of her default and indicated that a payment must be made by March 8, 2006 in order to avoid acceleration of her mortgage payments.[13] Defendants presented an affidavit by a Countrywide Department

---

[8]     R. Doc. 100-5 at 3.

[9]     R. Doc. 131 at 20.

[10]    R. Doc. 100-4 and R. Doc. 100-5.

[11]    R. Doc. 100-5 at 1.

[12]    *Id.*

[13]    R. Doc. 100-6 at 1.

Manager who stated that Orrill failed to make any payments to cure the default.[14]  Indeed, this Court has already found Orrill to be in default under the parties' mortgage and note.[15]

Defendants submit affidavit evidence that they are entitled to $416,174.74 to date, that interest continues to accrue, and that they are entitled to attorneys' fees and costs.[16]  The mortgage denotes Stonecreek as lender and MERS as nominee for lender and lender's successors.[17]  The mortgage also provides that the borrower's obligations and liability shall be joint and several.[18]  Defendants' affidavit sets forth the amounts due as follows: principal balance of $246,150; interest of $125,607.92 as of June 30, 2011, and accruing at $58.1655 per day thereafter until the obligation is paid in full; county recording fee of $20; uncollected late charges of $456.90, fees due of $1,129.50; escrow balance of $43,810.42; less $1,000 partial payment balance.  The Court grants defendants' motion for summary judgment against Orrill for the foregoing amounts.  Further, the Court finds that defendants are entitled to reasonable attorneys'

---

[14]   R. Doc. 100-3 at 2.

[15]   R. Doc. 131 at 20.

[16]   R. Doc. 133-2 at 5.

[17]   R. Doc. 100-4 at 1-2.

[18]   *Id.* at 10.

fees and costs of the proceeding in an amount to be determined on appropriate motion with supporting documentation.

## III. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is GRANTED.

New Orleans, Louisiana, this 20th day of September, 2011.

_____*Sarah Vance*_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE