UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TONI ORRILL                                    CIVIL ACTION

VERSUS                                         NO: 06-10012

MORTGAGE ELECTRONIC                            SECTION: R(4)
REGISTRATION SYSTEMS, INC.,
ET AL.

**ORDER AND REASONS**

Plaintiffs-in-counterclaim, Mortgage Electronic Registration System, Inc.'s ("MERS") and Stonecreek Funding Corporation's ("Stonecreek"), move the Court to certify the judgment against defendant-in-counterclaim Toni Orrill as a final judgment pursuant to Federal Rule of Civil Procedure 54(b).[1] Because there is no just reason for delaying entry of final judgment, the Court GRANTS their motion.

**I.    BACKGROUND**

In August of 2005, Orrill executed an adjustable rate note payable to Stonecreek Funding Corporation and a mortgage in favor of Mortgage Electronic Registration Systems.[2] That same month, Hurricane Katrina struck southern Louisiana and caused considerable damage to her home.

On January 24, 2006, Orrill sued MERS and Stonecreek alleging that she sustained damages when Stonecreek unlawfully

---

[1]    R. Doc. 138.

[2]    R. Doc. 100.

delayed paying her insurance proceeds for the hurricane damage to her home.[3]  Defendants filed a reconventional demand with their answer and removed the case to this Court.[4]  Defendants then filed two motions for summary judgment: one on the claims made in Orrill's complaint and one on defendants' counterclaim.[5]

This Court granted defendants' motions for partial summary judgment on July 1, 2010.[6]  Regarding plaintiff's claims, the Court held that Orrill had failed to demonstrate how defendants' actions were unlawful and had not pointed out any contested issue of fact to defeat summary judgment.  The Court also granted defendants' motion on their counterclaims "to the extent that a valid note and mortgage exists between the parties and Orrill is in default under them."[7]  The order granting summary judgment did not consider the amount due to defendants on their counterclaim. On July 14, 2010 the Court issued a judgment "in favor of defendants and against plaintiff dismissing plaintiff's complaint with prejudice."[8]  On September 20, 2011 the Court granted

---

[3]     R. Doc. 1-2.

[4]     R. Doc. 1.

[5]     R. Doc. 100.

[6]     R. Doc. 131.

[7]     *Id.* at 20.

[8]     R. Doc. 132.

summary judgment to defendants to recover the amounts due under the note and mortgage[9] and on September 30, 2011, entered a judgment against Orrill for $416,174.74 plus interest.[10]  The order also stated that defendants were entitled to reasonable attorneys' fees and costs in an amount to be determined on appropriate motion with supporting documentation.

Defendants now file a motion to certify the order of September 30, 2011 as a final judgment under Rule 54(b).


## III. DISCUSSION

Federal Rule of Civil Procedure 54(b) provides the following:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  The Fifth Circuit has noted that "[o]ne of the primary policies behind requiring a justification for Rule

---

[9]     R. Doc. 136.

[10]    R. Doc. 137.

54(b) certification is to avoid piecemeal appeals." *PYCA Indus., Inc. v. Harrison Cnty. Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996). That court explained that Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid injustice: "A district court should grant certification [in a Rule 54(b) case] only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *Id.* (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985)).

The threshold inquiry for this Court is whether "there is no just reason for delay," a determination which is within the sound discretion of the district court. *See Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992). In making this determination, the district court has a duty to weigh "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)).

The Court finds that there is no just reason for delaying entry of final judgment of the Court's September 30, 2011 order. The only remaining issue in this matter is attorneys' fees, and

Stonecreek and MERS represent that they do not seek attorneys' fees at this time.[11]  Plaintiff's complaint was dismissed on summary judgment and the September 30, 2011 order resolved all other issues in Stonecreek and MERS' counterclaim.  For this reason, there is little danger of piecemeal appeals.  Moreover, the issues presented in Stonecreek and MERS' substantive claims are legally and factually distinct from any potential claim to attorneys' fees they might have.  Any further delay of final judgment could present a hardship to Stonecreek and MERS. Accordingly, the Court finds that Rule 54(b) certification is warranted.


**IV.  CONCLUSION**

For the foregoing reasons, the Court GRANTS the motion for entry of final judgment pursuant to Rule 54(b).


New Orleans, Louisiana, this 3rd day of January, 2012.


_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE


---

[11]    R. Doc. 138-1 at 4.